NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RABIGA KAKABAEYEVA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-72181<br><br>Agency No. A098-814-160<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2013[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and KENDALL, District Judge.[***]

Rabiga Kakabaeyeva, a native and citizen of Turkmenistan, petitions for

review of the Board of Immigration Appeal's ("BIA") final order dismissing her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Virginia M. Kendall, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition for review.

Substantial Evidence Supports Adverse Credibility Finding

Substantial evidence supports the BIA's determination to affirm the IJ's adverse credibility finding and dismiss the petition. *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011) (adverse credibility findings reviewed for substantial evidence); *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013) (when the BIA expresses agreement with the IJ, the Court reviews both decisions). The IJ properly recognized and addressed the four factors for determining credibility: demeanor, consistency, plausibility and detail of testimony. The record does not compel reversal of the agency's findings that Kakabaeyeva expressed reluctance during testimony to answer follow-up questions about her application and sometimes refused to answer entirely or reverted to rote recitation of the facts contained in her written declaration. Kakabaeyeva provided no additional details, and frequently testified inconsistently, about events she claimed to have experienced personally, including the three events that formed the basis for her asylum claim. The IJ concluded that the exactitude of the recitation of facts in the

2

declaration, coupled with an inability to provide contextual details when asked, suggested that Kakabaeyeva had memorized, if imperfectly, the facts contained in her declaration.

Substantial evidence also supports the agency's determination that Kakabaeyeva's inconsistent statements could not be explained by age, memory, and hearing deficiencies. The IJ specifically addressed Kakabaeyeva's age-related deficiencies and credited them in certain parts of the testimony, particularly Kakabaeyeva's inability to give specifics about her son's political activities. But the IJ also made findings that age-related deficiencies failed to explain other important and repeated inconsistencies that cast the plausibility of her memory issues in doubt, including the fact that Kakabaeyeva's memory appeared to function "with exactitude" with respect to those facts already contained in her declaration, yet failed with respect to general facts about her own past such as the relative dates of her son's marriage or husband's death that are unlikely to be forgotten. The record does not compel reversal of the IJ's determination that those memory issues were implausible. The IJ also noted her attempts to allow Kakabaeyeva to rectify the inconsistencies that she claimed stemmed from translation difficulties, including the opportunity to supplement the record with a new translation of her declaration, but Kakabaeyeva declined to do so.

3

<u>No Jurisdiction to Review Withholding of Removal and CAT Claims</u>

Kakabaeyeva raises for the first time on appeal to this Court that the IJ wrongly decided the withholding of removal and CAT portions of her petition. This Court lacks jurisdiction to review a new argument raised in the opening brief of a petitioner's appeal that was not first raised before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In cases in which a petitioner files a brief before the BIA, as Kakabaeyeva did here, we will deem exhausted only those issues briefed before the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009); *see also Steel Co. v. Citizens for a Better Earth*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotations omitted); *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172-73 (9th Cir. 2013) (vacating district court's alternative ruling on the merits where district court correctly determined it lacked subject matter jurisdiction).

**PETITION DENIED in part; DISMISSED in part.**

4